| | |
|---|---|
| County Court, County of Arapahoe, Colorado<br>Court Address:<br>1790 W. Littleton Blvd,<br>Littleton, CO 80120<br><br>Plaintiff(s): Carmelo Ruiz<br><br>v.<br><br>Defendant(s): Enhanced Recovery Company, LLC, a Delaware limited liability company | ↑ COURT USE ONLY ↑ |
| Attorney for Plaintiff:<br>David M. Larson, Esq.<br>88 Inverness Circle East, Suite E-102<br>Englewood, CO 80112<br>Phone Number: 303-799-6895<br>Atty. Reg. #: 032811 | Case Number:<br><br>Division:<br><br>Courtroom: |
| COMPLAINT AND JURY TRIAL DEMAND ||

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

3. Venue is proper in this Court.

4. The acts and transactions alleged herein occurred in Arapahoe County.

5. The Defendant transacts business in Arapahoe County.

## PARTIES

6. Plaintiff Carmelo Ruiz is a natural person.

7. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

8. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Enhanced Recovery Company, LLC is a Delaware limited liability company operating from an address at 8014 Bayberry Road, Jacksonville, Florida, 32256.

**EXHIBIT B**

10. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

11. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Defendant is licensed as a collection agency by the state of Colorado.

13. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

14. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

16. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal bank account owed to Wells Fargo Bank, N.A. (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the Wells Fargo Bank, N.A..

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's reference number 79189384.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

2

24. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account while the Defendant was attempting to collect the Account from the Defendant.

25. During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account out of Chex Systems and that the Account will stay in Chex Systems until it is paid.

26. The Defendant's representations stated in paragraph 25 were false and were false representations in connection with the collection of a debt, the Account.

27. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each conveyed information regarding the Account directly or indirectly to the Plaintiff.

28. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

29. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in 2013 and/or 2014.

30. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in 2013 and/or 2014.

31. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in 2013 and/or 2014.

32. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in 2013 and/or 2014.

33. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff and/or voicemail

3

message(s) left for the Plaintiff by the Defendant in 2013 and/or 2014 substantiate the Plaintiff's allegations in this action.

34. On December 16, 2013 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

35. During the telephone conversation(s) on December 16, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant stated that the Defendant had the Account and stated the balance due on the Account to Wells Fargo Bank, N.A..

36. During the telephone conversation(s) on December 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

37. During the telephone conversation(s) on December 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

38. During the telephone conversation(s) on December 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

39. During the telephone conversation(s) on December 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

40. The Defendant was aware that the Account is disputed on December 16, 2013.

41. The Defendant was informed that the Account is disputed on December 16, 2013.

42. After the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 the Defendant communicated information regarding the Account to Wells Fargo Bank, N.A..

43. After the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 the Defendant communicated to Wells Fargo Bank, N.A. the balance on the Account.

44. After the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account

4

on December 16, 2013 the Defendant communicated to Wells Fargo Bank, N.A. that a payment had been made on the Account.

45. After the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 when the Defendant communicated information regarding the Account to Wells Fargo Bank, N.A. the Defendant did not communicate to Wells Fargo Bank, N.A. that the Account was disputed.

46. The information regarding the Account communicated to Wells Fargo Bank, N.A. by the Defendant after the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 conveyed information regarding the Account directly or indirectly to Wells Fargo Bank, N.A..

47. The information regarding the Account communicated to Wells Fargo Bank, N.A. after the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

48. The Defendant communicated the information regarding the Account after the Plaintiff disputed the Account with the Defendant during telephone conversation(s) between the Plaintiff and the Defendant regarding the Account on December 16, 2013 to Wells Fargo Bank, N.A. in connection with the collection of the Account.

49. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account.

50. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account.

51. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account.

52. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

53. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

54. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

55. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks $4,500.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## COUNT I, FDCPA VIOLATION

56. The previous paragraphs are incorporated into this Count by reference.

57. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

58. Pursuant to FDCPA § 1692k the Plaintiff seeks $4,500.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## JURY TRIAL DEMAND

Plaintiff hereby makes demand for jury trial in this case.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Actual Damages in the amount of $4,500.00 pursuant to 15 U.S.C. § 1692k(a)(1).

3. Statutory Damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5. Costs pursuant to 15 U.S.C. § 1692k(a)(3).

6. Post Judgment Interest.

Respectfully submitted,

David M. Larson, Esq., # 032811
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff